UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JESUS MENDOZA-BAUTISTA,

                    Defendant.

No. CR-04-189-FVS

ORDER DENYING POST-TRIAL
MOTIONS

**THIS MATTER** came before the Court without oral argument based upon post-trial motions brought by Mr. Mendoza-Bautista.  He is represented by Ronald A. Van Wert; the government by Assistant United States Attorney Ronald W. Skibbie.

**BACKGROUND**

An informant, acting under the direction of law enforcement officers, arranged to purchase four kilograms of cocaine from Vidal Escamilla-Torres.  Mr. Escamilla-Torres agreed to bring the cocaine to the informant's apartment.  Prior to his arrival, law enforcement officers placed a video camera in a position that enabled them to record events unfolding in the livingroom.  In addition, Detective Jay McNall and another law enforcement officer hid in a bedroom.  Mr. Escamilla-Torres and two other men -- Efrain Suarez Delgado and Jesus Mendoza-Bautista -- drove to the informant's apartment and entered together.  Mr. Escamilla-Torres exchanged cocaine for cash.  Much of

ORDER DENYING POST-TRIAL MOTIONS - 1

the transaction was recorded by the camera.  Among other things, the video showed Mr. Escamilla-Torres hand a significant quantity of cash to Mr. Mendoza-Bautista, who, in turn, handed some of the cash to Mr. Delgado.  Shortly thereafter, law enforcement officers arrested all three.  Each was charged with conspiracy to distribute cocaine, 21 U.S.C. § 846, and distribution of cocaine.  21 U.S.C. § 841(a)(1). Mr. Escamilla-Torres pleaded guilty to Count 2.  Mr. Delgado and Mr. Mendoza-Bautista each exercised his right to a jury trial.  The jury convicted each man of both counts.  Mr. Mendoza-Bautista moves the Court to grant judgment of acquittal, Fed.R.Crim.P. 29(c), or, in the alternative, to vacate the jury's verdict and grant a new trial. Fed.R.Crim.P. 33(a).

### SUFFICIENCY OF THE EVIDENCE

A motion for judgment of acquittal must be denied "if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir.2000) (citations omitted), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1013 (2001).  In evaluating a Rule 29(c) motion, a district court considers all of the evidence that was presented to the jury; this is true even though the defendant claims some of the evidence was admitted erroneously.  *See United States v. Castaneda*, 16 F.3d 1504, 1511 (9th Cir.1994).  Here, the jury could have inferred from phone records that Mr. Mendoza-Bautista had numerous conversations with Vidal Escamilla-Torres during August and September of 2004.  Furthermore, Mr. Escamilla-

ORDER DENYING POST-TRIAL MOTIONS - 2

Torres allegedly told the informant that two of the four kilograms of cocaine involved in the transaction belonged to Mr. Mendoza-Bautista. The Court must assume the jury credited the informant's account of Mr. Escamilla-Torres' comments. *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir.2000). Finally, Mr. Mendoza-Bautista was present when Mr. Escamilla-Torres delivered the cocaine to the informant. Incriminating conduct was captured on video. The jury watched Mr. Escamilla-Torres hand a significant quantity of cash to Mr. Mendoza-Bautista. He, in turn, handed some of the cash to Efrain Delgado and began counting the remainder. Given the totality of the evidence, the jury could have found that during the Summer of 2004, Mr. Mendoza-Bautista entered into an agreement with Mr. Escamilla-Torres to distribute cocaine, and that on September 14, 2004, Mr. Mendoza-Bautista knowingly delivered, or knowingly aided and abetted the delivery, of just under four kilograms of cocaine. Thus, the evidence presented to the jury is sufficient to support the jury's verdicts and findings.

**MR. ESCAMILLA-TORRES' STATEMENTS TO THE INFORMANT CONCERNING MR. MENDOZA-BAUTISTA**

Mr. Mendoza-Bautista argues the Court erred by admitting Mr. Escamilla-Torres's statements concerning Mr. Mendoza-Bautista's role in the transaction. Admissibility was governed by Federal Rule of Evidence Rule 801(d)(2)(E). A coconspirator's statements are not hearsay if the proponent proves the following by a preponderance of the evidence: a conspiracy existed at the time the statements were made; the party against whom the statements are being offered had

ORDER DENYING POST-TRIAL MOTIONS - 3

knowledge of, and participated in, the conspiracy; and the statements were made in furtherance of the conspiracy. *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir.2000) (citing *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987)).  After reviewing the record, the Court found by a preponderance of the evidence that the preceding conditions had been satisfied.  There was ample evidence in the record to support this ruling.  As noted above, this included phone records, the statements that Mr. Escamilla-Torres allegedly made to the informant, and Mr. Mendoza-Bautista's behavior.

**EXCLUSION OF THE NOTE**

Efrain Delgado, Jesus Mendoza-Bautista, and Vidal Escamilla-Torres were indicted during the Fall of 2004.  Each man retained counsel or obtained appointed counsel.  All three were detained pending trial.  On or about December 20, 2004, Jeffrey Metcalfe, Sr., a resident of the State of Arizona, contacted Mr. Escamilla-Torres in the Spokane County Jail.  Mr. Metcalfe acted unilaterally.  Prior to visiting Mr. Escamilla-Torres, he did not discuss his plans with, or seek permission from, either Mr. Escamilla-Torres' attorney or Mr. Mendoza-Bautista's attorney.  During the visit, Mr. Metcalfe allegedly obtained a handwritten note that purported to absolve Mr. Mendoza-Bautista of responsibility for the crimes with which he was charged.  Mr. Mendoza-Bautista claims the Court erred by refusing to admit the note into evidence.

A. Rule 804(b)(3)

Initially, Mr. Mendoza-Bautista argues the note should have been

ORDER DENYING POST-TRIAL MOTIONS - 4

admitted into evidence under Rule 804(b)(3).  A statement against
penal interest is admissible if "(1) the declarant is unavailable as
a witness; (2) the statement so far tended to subject the declarant
to criminal liability that a reasonable person in the declarant's
position would not have made the statement unless he believes it to
be true; and (3) corroborating circumstances clearly indicate the
trustworthiness of the statement." *United States v. Paguio*, 114 F.3d
928, 932 (9th Cir.1997).  In this instance, the note was inadmissible
under Rule 804(b)(3) because Mr. Mendoza-Bautista could not satisfy
the second condition.

The note arguably consists of four declarations.  Two are
relevant to the issue of the statement's admissibility under Rule
804(b)(3).  The first declaration seems to be, "[I] know [for] a
[f]act that Jesus Mendoza [didn't] know anything about [the] [drugs]
or [money.]"  This declaration clearly does not inculpate Mr.
Escamilla-Torres.  The second declaration is, "[I] was there[.]"
While this statement may place Mr. Escamilla-Torres at the scene of a
crime, his mere association with drug traffickers does not subject
him to criminal liability.  *United States v. Herrera-Gonzalez*, 263
F.3d 1092, 1095 (9th Cir.2001) ("It is not a crime to be acquainted
with criminals or to be physically present when they are committing
crimes."), *cert. denied*, 534 U.S. 1117, 122 S.Ct. 928, 151 L.Ed.2d
891 (2002).

Even if Mr. Escamilla-Torres's second declaration (i.e., "[I]
was there") could be classified as an inculpatory statement, Mr.
Mendoza-Bautista faced another obstacle.  Where a statement includes

both a non-inculpatory declaration and an inculpatory declaration, and a co-defendant seeks the admission of both declarations, the judge must examine the statement in the context in which it was made. *Paguio*, 114 F.3d at 934.  The judge must determine whether a reasonable person, standing in the declarant's shoes, would have made the non-inculpatory declaration unless he believed it to be true. *Id.*  As a general rule, the non-inculpatory declaration is inadmissible.  *United States v. Shryock*, 342 F.3d 948, 961-62 (9th Cir.2003) (trial judge properly excluded a co-defendant's statement that he shot the victims in self-defense), *cert. denied*, --- U.S. ----, ----, 124 S.Ct. 1729, 1736, 158 L.Ed.2d 411 (2004); *LaGrand v. Stewart*, 133 F.3d 1253, 1268 (9th Cir.1998) (state court did not violate habeas petitioner's constitutional rights by excluding co-defendant's statement that he stabbed the victim and that the defendant did not stab anyone).  However, exceptional cases may arise.  *See, e.g., Paguio*, 114 F.3d at 931, 934-35 (trial court should have admitted statement by the defendant's father, who was a co-defendant, "that the whole scheme was his, and his son . . . had nothing to do with it").  This was not an exceptional case.

### B. Rule 807

Alternatively, Mr. Mendoza-Bautista claims the Court erred by refusing to admit the note under Rule 807.  In order to come within the purview of Rule 807, otherwise inadmissible hearsay must satisfy a number of conditions.  At a minimum, it must possess circumstantial guarantees of trustworthiness.  *See United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir.1998) (citing *United States v. Fowlie*, 24

F.3d 1059, 1069 (9th Cir.1994)).  Here, there were insufficient guarantees of the note's trustworthiness.  First, the note was obtained without the knowledge or permission of Mr. Escamilla-Torres's attorney.  Second, Mr. Escamilla-Torres was not under oath when he allegedly made the statement.  Third, the meeting between Mr. Metcalfe and Escamilla-Torres was not recorded.  Finally, the declaration that Mr. Mendoza-Bautista wanted the jury to hear -- *i.e.*, "[I] know [for] a [f]act that Jesus Mendoza [didn't] know anything about [the] [drugs] or [money]" -- is not supported by any corroborating details.

**TESTIMONY OF JEFFREY METCALFE, SR.**

Mr. Mendoza-Bautista claims the Court erred by failing to make arrangements to take testimony from Jeffrey Metcalfe, Sr.  The purpose of his testimony would have been to lay a foundation for the admissibility of the note he allegedly obtained from Mr. Escamilla-Torres.  However, his testimony would not have changed the circumstances under which the note was obtained, nor would his testimony have added to the note's substance.  Thus, his testimony would not have overcome the obstacles to admissibility described above.

**MR. ESCAMILLA-TORRES'S DECISION NOT TO TESTIFY**

Mr. Mendoza-Bautista claims the Court erred by refusing to compel Mr. Escamilla-Torres to testify.  As Mr. Mendoza-Bautista points out, Mr. Escamilla-Torres pleaded guilty to Count 2 of the Superseding Indictment shortly before trial.  His sentencing was weeks away.  As a result, he retained the right to remain silent.

ORDER DENYING POST-TRIAL MOTIONS - 7

*United States v. Paris*, 827 F.2d 395, 399 (9th Cir.1987). This was a valuable right. Mr. Escamilla-Torres reasonably could have feared that any testimony he gave at Mr. Mendoza-Bautista's trial would expose him to more severe penalties at sentencing on the federal charge or to prosecution by state authorities.

**IT IS HEREBY ORDERED:**

Mr. Mendoza-Bautista's motion for judgment of acquittal, or, in the alternative, for a new trial (Ct. Rec. 95) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __29th__ day of April, 2005.

              s/Fred Van Sickle
              Fred Van Sickle
        Chief United States District Judge

ORDER DENYING POST-TRIAL MOTIONS - 8